IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 23-cv-01999-PAB-SKC

ADVANCE COLORADO, a Colorado non-profit,
GEORGE HANKS "HANK" BROWN, an individual,
STEVEN WARD, an individual,
CODY DAVIS, an individual,
JERRY SONNENBERG, an individual, and
CARRIE GEITNER, an individual,

    Plaintiffs,

v.

JENA GRISWOLD, in her official capacity as Secretary of State of Colorado,

    Defendant.

_____

# ORDER
_____

This matter is before the Court on the parties' Joint Motion to Stay [Docket No. 51]. The Court has jurisdiction under 28 U.S.C. § 1331.

On August 30, 2023, the Court denied plaintiffs' motion for a preliminary injunction. Docket No. 36 at 3. On September 8, 2023, plaintiffs filed a notice of an interlocutory appeal to the United States Court of Appeals for the Tenth Circuit from the Court's order denying the preliminary injunction. Docket No. 37.

On December 8, 2023, the parties filed a joint motion to stay all deadlines in this case until the Tenth Circuit rules on the appeal. Docket No. 51 at 1. The parties state that the "primary and dispositive issues raised by this case are legal and are currently before the Tenth Circuit on the appeal of this Court's denial of the Plaintiffs' Motion for Preliminary Injunction, in *Advance Colorado v. Griswold*, No. 23-1282." *Id*. at 2, ¶ 1.

The parties argue that it would conserve the resources of the Court and the parties to wait until the Tenth Circuit rules on the appeal. *Id.*, ¶ 2.

A court may enter a stay of proceedings incidental to its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Springmeadows Condo. Ass'n v. Am. Family Mut. Ins. Co.*, No. 14-cv-02199-CMA-KMT, 2014 WL 7005106, at *1 (D. Colo. Dec. 9, 2014) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). However, the Tenth Circuit has cautioned that "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (citation omitted). Stays of all proceedings in a case are thus "generally disfavored in this District" and are considered to be "the exception rather than the rule." *Davidson v. Bank of Am. N.A.*, No. 14-cv-01578-CMA-KMT, 2015 WL 5444308, at *1 (D. Colo. Sept. 16, 2015). A stay may, however, be appropriate in certain circumstances. Courts in this district consider the following factors (the "*String Cheese Incident* factors") in determining whether a stay is appropriate: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Springmeadows Condo. Ass'n*, 2014 WL 7005106, at *1 (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)). The parties do not directly address the *String Cheese Incident* factors.

The Court finds that the *String Cheese Incident* factors weigh in favor of a stay. The parties jointly request a stay because it would conserve the parties' resources.

Docket No. 51 at 2, ¶ 2.  The parties have identified no prejudice that would result to either party from the Court staying this case pending the Tenth Circuit's decision on the preliminary injunction appeal.  The convenience to the Court also weighs in favor of a stay of the proceedings because dispositive legal issues in this case are currently pending before the Tenth Circuit.  A stay, pending the Tenth Circuit's disposition of the interlocutory appeal, would conserve judicial time and resources.  *See Martinez v. Back Bone Bullies Ltd*, No. 21-cv-01245-MEH, 2022 WL 1027148, at *3 (D. Colo. Apr. 6, 2022) ("The district court has discretion to determine whether to stay proceedings pending disposition of an interlocutory appeal." (citation omitted)).  The Court is unaware of any interests of non-parties and therefore finds that the fourth factor is neutral.  With respect to factor five, the public has an interest in the "efficient and just" resolution of legal disputes.  *Thomas v. Rogers*, No. 19-cv-01612-RM-KMT, 2019 WL 5085045, at *3 (D. Colo. Oct. 10, 2019).  While there is a public interest in the expeditious resolution of this case, there is also a public interest in the efficient use of judicial resources.  The Court therefore finds that the fifth factor is neutral.

This case presents a rare circumstance where a stay of proceedings is warranted.  Administrative closure pursuant to D.C.COLO.LCivR 41.2 may be appropriate when a case would otherwise be stayed for an indefinite amount of time.  *See Garcia v. State Farm Mut. Fire & Cas. Co.*, No. 20-cv-02480-PAB-MEH, 2021 WL 4439792, at *6 (D. Colo. Sept. 27, 2021) (ruling that case should be administratively closed pursuant to D.C.COLO.LCivR 41.2 because the arbitration proceedings would last for an indefinite period of time).  Administrative closure is "the practical equivalent of a stay."  *sPower Dev. Co., LLC v. Colo. Pub. Utilities Comm'n*, No. 17-cv-00683-CMA-NYW, 2018 WL 5996962, at *4 (D. Colo. Nov. 15, 2018) (quoting *Quinn v. CGR*, 828

F.2d 1463, 1465 n.2 (10th Cir. 1987)).  Because this case will be stayed for an unknown period of time pending the Tenth Circuit's decision on the interlocutory appeal, the Court finds good cause to administratively close this case pursuant to D.C.COLO.LCivR 41.2, subject to being reopened for good cause shown.  The Tenth Circuit's ruling on the interlocutory appeal will constitute "good cause."

Accordingly, the Court will deny without prejudice defendant's Motion to Dismiss Amended Complaint (Doc. 47) [Docket No. 50].  See D.C.COLO.LCivR 41.2 ("Administrative closure of a civil action terminates any pending motion.").  Defendant may move to re-file the motion to dismiss after the Tenth Circuit decides the interlocutory appeal.

It is therefore

ORDERED that the parties' Joint Motion to Stay [Docket No. 51] is **GRANTED**.  It is further

ORDERED that, pursuant to D.C.COLO.LCivR 41.2, this case is administratively closed.  Either party may move to reopen the case for good cause.  It is further

ORDERED that the parties shall file a **status report** with the Court within **21 days** of the Tenth Circuit's ruling in Case No. 23-1282.  It is further

ORDERED that defendant's Motion to Dismiss Amended Complaint (Doc. 47) [Docket No. 50] is **DENIED without prejudice**.

DATED December 14, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge